**DIVERSITY LAW GROUP, P.C.**
Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
Simon L. Yang (State Bar No. 260286)
sly@diversitylaw.com
515 South Figueroa Street, Suite 1250
Los Angeles, California 90071
Telephone:  (213) 488-6555
Facsimile    (213) 488-6554

**POLARIS LAW GROUP**
William L. Marder (State Bar No. 170131)
bill@polarislawgroup.com
501 San Benito Street, Suite 200
Hollister, California 95023
Telephone:  (831) 531-4214
Facsimile    (831) 634-0333

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA JOHNSON, as a private attorney general,<br><br>Plaintiff,<br><br>vs.<br><br>LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:21-cv-00087-TLN-JDP<br><br>[The Honorable Troy L. Nunley]<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ORDER COMPELLING ARBITRATION AND DISMISSING ACTION (DKT. 26)**<br><br>Date:           August 25, 2022<br>Time:           2:00 p.m.<br>Courtroom:    2 |

**TABLE OF CONTENTS**

Page

SUMMARY OF OPPOSITION ................................................................................................... 1

RELEVANT ARBITRATION AGREEMENT TERMS ............................................................. 1

RELEVANT LAW ........................................................................................................................ 2

ARGUMENT ................................................................................................................................. 4

I.    The Arbitration Agreement's Wholesale Waiver of PAGA Claims Is Unenforceable. ................. 5

    A.    The Terms of the Arbitration Agreement Impermissibly Waive All PAGA Claims. ........ 5

    B.    No Reasonable Reading Permits Arbitration of Individual PAGA Claims. ....................... 5

II.    The Arbitration Agreement's Severability Provisions Require Litigation of PAGA Claims......... 7

III.    To the Extent the Court Compels Arbitration of Individual PAGA Claims, Litigation of Non-Individual PAGA Claims Should Not Be Dismissed. ................................................................... 8

CONCLUSION............................................................................................................................ 10

# TABLE OF AUTHORITIES

Page

**State Cases**

*Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court of Los Angeles Cty.*,
    46 Cal. 4th 993 (2009) .................................................................................................................. 6

*Arias v. Superior Court*,
    46 Cal. 4th 969 (2009) .................................................................................................................. 5

*Huff v. Securitas Sec. Servs. USA, Inc.*,
    23 Cal. App. 5th 745 (2018) ......................................................................................................... 9

*Iskanian v. CLS Transp. Los Angeles, LLC*,
    59 Cal. 4th 348 (2014) .......................................................................................................... *passim*

*Johnson v. Maxim Healthcare Servs., Inc.*,
    66 Cal. App. 5th 924 (2021) ......................................................................................................... 9

*Kim v. Reins Int'l California, Inc.*,
    9 Cal. 5th 73 (2020) ............................................................................................................. 3, 8, 9

**Federal Cases**

*Granite Rock Co. v. Teamsters*,
    561 U.S. 287 (2010) ...................................................................................................................... 6

*Lamps Plus, Inc. v. Varela*, ,
    139 S. Ct. 1407 (2019) .................................................................................................................. 6

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
    559 U.S. 662 (2010) ...................................................................................................................... 6

*Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*,
    489 U.S. 468 (1989) ...................................................................................................................... 7

*Viking River Cruises, Inc. v. Moriana*,
    142 S. Ct. 1906 (2022) ........................................................................................................ *passim*

## SUMMARY OF OPPOSITION

Plaintiff, Maria Johnson, does not dispute that she entered into arbitration agreements during her employment with Defendant, Lowe's Home Centers, LLC. The terms of those arbitration agreements must be enforced. They require denial of Defendant's motion to compel arbitration of Plaintiff's private attorney general claim.

*First*, the arbitration agreements include a "Representative Action Waiver" that imposes a wholesale waiver of representative claims under California's Labor Code Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 et seq. ("PAGA"). California law prohibits such waivers. And as the Supreme Court confirmed in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022) ("*Viking River*"), this prohibition is not preempted by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"). As a result, the Representative Action Waiver provision is unenforceable.

*Second*, the arbitration agreements also specify how the Parties are to proceed in light of the unenforceable Representative Action Waiver provision: "any claims covered by any deemed unenforceable waiver provision may only be litigated in a court of competent jurisdiction." Based on the terms of the arbitration agreements, no private attorney general claims can be arbitrated; they all must be litigated. An arbitrator is not even authorized to issue any relief on such a claim, regardless of whether Plaintiff were compelled to arbitrate private attorney general claims based on her own employment only.

In sum, contrary to the motion seeking to compel arbitration of individual PAGA claims, the terms of the arbitration agreements state that there shall be no right or authority for any dispute to be arbitrated as a private attorney general claim. Instead, the terms of the arbitration agreements require litigation of all private attorney general claims. The Court must deny Defendant's motion.

## RELEVANT ARBITRATION AGREEMENT TERMS

The motion does not plainly set forth the entirety of the relevant provisions of the arbitration agreements—the (i) Representative Action Waiver and (ii) severability terms. The Representative Action Waiver provision states:

REPRESENTATIVE ACTION WAIVER. To the extent permissible by law, **there shall be no right or authority for any dispute to be arbitrated as a representative action or as a private attorney general action**, including but not limited to claims brought pursuant to the Private Attorney General Act of 2004, Cal. Lab. Code § 2698, et seq. ("Representative Action Waiver"). THIS MEANS THAT YOU MAY NOT SEEK RELIEF ON BEHALF OF ANY OTHER PARTIES IN ARBITRATION, INCLUDING BUT NOT LIMITED TO SIMILARLY AGGRIEVED EMPLOYEES. THE ARBITRATOR'S AUTHORITY TO RESOLVE ANY DISPUTE AND TO MAKE WRITTEN AWARDS WILL BE LIMITED TO YOUR INDIVIDUAL CLAIMS.

Dkt. 7-2, Ex. 4 (emphasis added).[1]

The severability provision states:

[I]f a court of competent jurisdiction finds the Class Action Waiver and/or Representative Action Waiver unenforceable for any reason, then the unenforceable waiver provision shall be severable from this Agreement, and **any claims covered by any deemed unenforceable waiver provision may only be litigated in a court of competent jurisdiction**, but the remainder of the agreement shall be binding and enforceable.

Dkt. 7-2, Ex. 4 (emphasis added).

Critically, nothing in the arbitration agreement permits any type of a representative action or a private attorney general action to be arbitrated. It specifies the opposite.

**RELEVANT LAW**

On June 15, 2022, in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022), the Supreme Court determined "whether the Federal Arbitration Act, 9 U.S.C. § 1 et seq., preempts a rule of California law that invalidates contractual waivers of the right to assert representative claims under California's Labor Code Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 et seq." The Supreme Court held that California's "prohibition on wholesale waivers of PAGA claims is not preempted by the FAA." 142 S. Ct. at 1913.

To wit, pursuant to the California Supreme Court's decision in *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348 (2014), "pre-dispute agreements to waive the right to bring representative PAGA claims are invalid as a matter of public policy." *Viking River Cruises, Inc.*, 142 S. Ct. at 1916. In holding that California's "prohibition on wholesale waivers of PAGA claims is not

---

[1] Plaintiff entered into two arbitration agreements. Plaintiff cites the controlling arbitration agreement. Dkt. 7-2, Ex. 4 at Page 23 of 29 ("To the extent you and Lowe's previously agreed to arbitrate disputes, this Agreement modifies and supplements that agreement. If any term or provision in this Agreement conflicts with any prior agreement to arbitrate disputes, the terms of this Agreement shall control."). But the relevant terms from each are the same. *Compare* Dkt. 7-2, Ex. 4 *with* Dkt. 7-2, Ex. 3.

2

preempted by the FAA," *Viking River* explains that a PAGA suit—which definitionally is always a private attorney general action—is representative in two distinct ways. *Viking River Cruises, Inc.*, 142 S. Ct. at 1916 (explaining PAGA jurisprudence "tends to use the word 'representative' in two distinct ways").

*First*, "PAGA actions are 'representative' in that they are brought by employees acting as representatives—that is, as agents or proxies—of the State." *Viking River Cruises, Inc.*, 142 S. Ct. at 1916. As both the Supreme Court and the California Supreme Court have explained, "'*every* PAGA action is ... representative' and '[t]here is no individual component to a PAGA action,' because every PAGA claim is asserted in a representative capacity." *Id.* (quoting *Kim v. Reins Int'l California, Inc.*, 9 Cal. 5th 73, 86 (2020), and *Iskanian*, 59 Cal. 4th at 387) (emphasis in original).

*Second*, "PAGA claims are also called 'representative' when they are predicated on code violations sustained by other employees." *Viking River Cruises, Inc.*, 142 S. Ct. at 1916. Stated differently, "PAGA's built-in mechanism of claim joinder" permits "PAGA claims arising out of events involving other employees." *Id.* at 1912, 1916. Thus although all PAGA claims are private attorney general claims (and thus representative in that sense), some "PAGA claims arising out of events involving other employees" are *additionally* representative in a second sense. *Id.*

Distinguishing PAGA claims that are representative in the first, private attorney general sense only from PAGA claims that are representative both by virtue of their private attorney general nature and joinder attributes, *Viking River* refers to the former as "individual PAGA claims" and the latter as "non-individual PAGA claims." Individual PAGA claims are not individual claims; they still are representative claims in the first sense (and retain their fundamental private attorney general nature). *Viking River Cruises, Inc.*, 142 S. Ct. at 1916.

With this understanding, the Supreme Court explained how California law prohibits waivers of "representative" PAGA claims:

> *Iskanian*'s principal rule prohibits waivers of "representative" PAGA claims in the first sense. That is, it prevents parties from waiving representative standing to bring PAGA claims in a judicial or arbitral forum. But *Iskanian* also adopted a secondary rule that invalidates agreements to separately arbitrate or litigate "individual PAGA claims for Labor Code violations that an employee suffered," on the theory that resolving victim-specific claims in separate arbitrations does not serve the deterrent purpose of PAGA.

3

*Viking River Cruises, Inc.*, 142 S. Ct. at 1916-17. It then confirmed that "[n]othing in the FAA establishes a categorical rule mandating enforcement of waivers of standing to assert claims on behalf of absent principals." *Id.* at 1922. Specifically, "*Iskanian*'s principle rule"—a prohibition on wholesale waivers of private attorney general claims—is not preempted by the FAA. *Id.* at 1913. In sum, California law permissibly prohibits a blanket waiver of all representative or private attorney general claims.

But with respect to "PAGA's built-in mechanism of claim joinder," *Viking River* continued to explain that "*Iskanian*'s secondary rule [impermissibly] invalidates agreements to arbitrate only 'individual PAGA claims for Labor Code violations that an employee suffered." *Viking River Cruises, Inc.*, 142 S. Ct. at 1923. So long as an arbitration agreement permits the arbitration of individual PAGA claims, it may require the waiver of non-individual PAGA claims (i.e., "PAGA claims arising out of events involving other employees").

Applying these principles to the arbitration agreement at issue in *Viking River*, the Supreme Court explained:

> The agreement between Viking and Moriana purported to waive "representative" PAGA claims. Under *Iskanian*, this provision was invalid if construed as a wholesale waiver of PAGA claims. And under our holding, that aspect of *Iskanian* is not preempted by the FAA, so the agreement remains invalid insofar as it is interpreted in that manner. But the severability clause in the agreement provides that if the waiver provision is invalid in some respect, any "portion" of the waiver that remains valid must still be "enforced in arbitration." Based on this clause, Viking was entitled to enforce the agreement insofar as it mandated arbitration of Moriana's individual PAGA claim.

*Viking River Cruises, Inc.*, 142 S. Ct. at 1924-25.

## ARGUMENT

Just as the Supreme Court applied the law to the terms of the arbitration agreement it considered, the Court must do the same. In *Viking River*, the terms of the arbitration agreement—specifically, the severability clause—permitted an employer to enforce arbitration of an employee's individual PAGA claim. Here, the terms of the arbitration agreements require litigation of the alleged PAGA claims.

4

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ORDER COMPELLING ARBITRATION AND DISMISSING ACTION

**I.      The Arbitration Agreement's Wholesale Waiver of PAGA Claims Is Unenforceable.**

**A.      The Terms of the Arbitration Agreement Impermissibly Waive All PAGA Claims.**

By definition, PAGA claims are private attorney general claims. As a result, "a PAGA suit is a 'representative action' in which the employee plaintiff sues as an 'agent or proxy' of the State." *Viking River Cruises, Inc.*, 142 S. Ct. at 1914 (quoting *Iskanian*, 59 Cal. 4th at 380, and *Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009)). To be clear, it is well settled that all PAGA suits are both "private attorney general actions" and "representative actions."

Here, Defendant seeks to enforce an arbitration agreement that not only waives arbitration of all representative actions but also waives arbitration of all private attorney general actions. Indeed, the arbitration agreements' Representative Action Waiver establishes that "**there shall be no right or authority for any dispute to be arbitrated [i] as a representative action or [ii] as a private attorney general action**." Dkt. 7-2, Ex. 4 (emphasis added). As in *Viking River*, this type of wholesale waiver of PAGA claims is invalid. *Viking River Cruises, Inc.*, 142 S. Ct. at 1924-25 ("Under *Iskanian*, this provision was invalid if construed as a wholesale waiver of PAGA claims. And under our holding, that aspect of *Iskanian* is not preempted by the FAA, so the agreement remains invalid insofar as it is interpreted in that manner.").

**B.      No Reasonable Reading Permits Arbitration of Individual PAGA Claims.**

Defendant suggests that the arbitration agreement's Representative Action Waiver "is intended to waive the right to pursue claims on behalf of other allegedly aggrieved employees only," since it purports to apply "to the extent permissible by law." Mot. 12-14-16. No reasonable reading of the arbitration agreement's clear terms—i.e., that there shall be no right or authority for any dispute to be arbitrated as a private attorney general action—permits the arbitration of individual PAGA claims or any type of private attorney general claims. Again, the relevant terms state:

> REPRESENTATIVE ACTION WAIVER. To the extent permissible by law, **there shall be no right or authority for any dispute to be arbitrated as a representative action or as a private attorney general action**, including but not limited to claims brought pursuant to the Private Attorney General Act of 2004, Cal. Lab. Code § 2698, et seq. ("Representative Action Waiver"). THIS MEANS THAT YOU MAY NOT SEEK RELIEF ON BEHALF OF ANY OTHER PARTIES IN ARBITRATION, INCLUDING BUT NOT LIMITED TO SIMILARLY AGGRIEVED EMPLOYEES. THE ARBITRATOR'S AUTHORITY TO RESOLVE ANY DISPUTE AND TO MAKE WRITTEN AWARDS WILL BE LIMITED TO YOUR INDIVIDUAL CLAIMS.

Dkt. 7-2, Ex. 4 (emphasis added).

The fiction that the Representative Action Waiver permits arbitration of *some* representative claims (i.e., "individual PAGA claims") is belied by Defendant's own arguments. Indeed, according to Defendant, "both arbitration agreements explicitly preclude Plaintiff from bringing a PAGA claim in *any* forum, not just in arbitration." *E.g.,* Dkt. 24 at 3:14-15; 4:2-4 ("Read together, the plain meaning of these provisions is clear—Plaintiff must pursue any claims in arbitration, and such claims can only be pursued on an individual, and not class, collective, or representative, basis.").

Pursuant to the terms of the Representative Action Waiver, the arbitration agreement unequivocally precludes any type of private attorney general claims in arbitration. An "individual PAGA claim"—which is still a private attorney general claim and also a representative claim—is forbidden. The Representative Action Waiver does not only preclude arbitration of claims with PAGA's joinder attributes; it precludes arbitration on behalf of the State, too. Dkt. 7-2, Ex. 4 ("YOU MAY NOT SEEK RELIEF ON BEHALF OF ANY OTHER PARTIES IN ARBITRATION, INCLUDING BUT NOT LIMITED TO SIMILARLY AGGRIEVED EMPLOYEES."). Indeed, the arbitration agreement does not even authorize an arbitrator to award any type of private attorney general relief, regardless of whether one considers an individual PAGA claim or a non-individual PAGA claim. Dkt. 7-2, Ex. 4 (explaining that "the arbitrator's authority to resolve any dispute and to make written awards will be limited to your individual claims"). As *Viking River* confirms, PAGA "gives employees a right to assert the State's claims for civil penalties on a representative basis, but it does not create any private rights or private claims for relief." *Viking River Cruises, Inc.*, 142 S. Ct. at 1914 (citing *Iskanian*, 59 Cal. 4th at 381, and *Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court of Los Angeles Cty.*, 46 Cal. 4th 993, 1002 (2009)).

In sum, there are no individual PAGA claims authorized for arbitration. Any contention that the arbitration agreement permits the arbitration of some private attorney general claims defies the Parties' agreement. FAA enforcement is premised upon consent of the parties; the Supreme Court has "emphasized th[is] 'foundational FAA principle' many times." *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010) (citing cases); *see also Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1416 (2019) ("Consent is essential under the FAA."); *Granite Rock Co. v. Teamsters*, 561 U.S.

6

1  287, 299 (2010) ("[T]he first principle that underscores all of our arbitration decisions" is that
2  "[a]rbitration is strictly 'a matter of consent.'"); *Volt Info. Sciences, Inc. v. Board of Trustees of Leland*
3  *Stanford Junior Univ.*, 489 U.S. 468, 479 (1989) ("Arbitration under the [FAA] is a matter of consent,
4  not coercion … .").

   Although Defendant is well aware that its arbitration agreements preclude arbitration of all PAGA claims, it attempts to circumvent *Viking River* by ignoring that the Representative Action Waiver provision applies to all representative claims and thus waives all private attorney general claims. Under both *Iskanian* and *Viking River*, the provision is invalid and unenforceable.

## II.   The Arbitration Agreement's Severability Provisions Require Litigation of PAGA Claims.

   In light of the unenforceable Representative Action Waiver provision, the Parties' agreements as to severability are the determinative arbitration agreement terms. Those terms require litigation of PAGA claims:

> [I]f a court of competent jurisdiction finds the Class Action Waiver and/or Representative Action Waiver unenforceable for any reason, then the unenforceable waiver provision shall be severable from this Agreement, and **any claims covered by any deemed unenforceable waiver provision may only be litigated in a court of competent jurisdiction**, but the remainder of the agreement shall be binding and enforceable.

Dkt. 7-2, Ex. 4 (emphasis added).

   Here, the Representative Action Waiver provision is "unenforceable for any reason." As discussed above, the provision operates as a wholesale waiver of private attorney general claims. Accordingly, the severability provisions' clear terms mandate litigation of PAGA claims, since "any claims covered by any deemed unenforceable waiver provision may only be litigated in a court of competent jurisdiction." Dkt. 7-2, Ex. 4.

   It is true that in *Viking River* the Supreme Court ordered arbitration of individual PAGA claims. But the different result in *Viking River* springs from the different arbitration agreement terms considered. In *Viking River*, the relevant severability clause was different:

> Important here, that agreement contained both a "Class Action Waiver"—providing that the parties could not bring any dispute as a class, collective, or representative action under PAGA—and a severability clause—specifying that if the waiver was found invalid, such a dispute would presumptively be litigated in court. **Under the severability clause, any "portion" of the waiver that remained valid would be "enforced in arbitration."**

*Viking River Cruises, Inc.*, 142 S. Ct. at 1911 (emphasis added).

7

1  Unlike in *Viking River*, here the severability provision does not specify that any enforceable
2  portion of an unenforceable waiver provision would remain valid. Instead, it mandates a different result
3  than the arbitration compelled in *Viking River*. The severability provision does not state that any
4  "portion" of the waiver provision that could remain valid would remain valid. Rather, it plainly states
5  that "the unenforceable waiver provision shall be severable from this Agreement." Dkt. 7-2, Ex. 4. As a
6  result, here what remains to be enforced are the arbitration agreement's terms that dictate that "any
7  claims covered by any deemed unenforceable waiver provision may only be litigated in a court of
8  competent jurisdiction." *Id.*

### III. To the Extent the Court Compels Arbitration of Individual PAGA Claims, Litigation of Non-Individual PAGA Claims Should Not Be Dismissed.

As discussed above, the terms of the arbitration agreement do not permit for the arbitration of any private attorney general claims, including individual PAGA claims. The motion thus must be denied. Even if the arbitration agreement's terms could permit for the arbitration of individual PAGA claims (they do not) and the Court were to compel arbitration, the Court should not dismiss any remaining non-individual PAGA claims. California law is clear that standing for PAGA claims is established by virtue of having Labor Code violations committed against you. Here, Plaintiff "became an aggrieved employee, and had PAGA standing, when one or more Labor Code violations were committed against [her]." *Kim*, 9 Cal. 5th at 84. An order compelling arbitration would not strip Plaintiff of standing under PAGA.

Defendant argues that the dismissal of non-individual PAGA claims is required by *Viking River*. Not so. To the extent that *Viking River* suggested dismissal of non-individual PAGA claims would be proper, the Supreme Court acknowledged that it was opining based on what it conceded could be a mistaken view of California law. *Viking River Cruises, Inc.*, 142 S. Ct. at 1924-25 (Sotomayor, J., concurring) ("[I]f this Court's understanding of state law is wrong, California courts, in an appropriate case, will have the last word.").

The Supreme Court was mistaken about California law with respect to standing under PAGA. According to the Supreme Court—"as we see it"—"when an employee's own dispute is pared away from a PAGA action, the employee is no different from a member of the general public, and PAGA does

8

not allow such persons to maintain suit." *Viking River Cruises, Inc.*, 142 S. Ct. at 1925. But according to the California Supreme Court, "[t]he state can deputize anyone it likes to pursue its claim, including a plaintiff who has suffered no actual injury." *Kim*, 9 Cal. 5th at 84.

California courts have consistently explained that the status of an employee's Labor Code claims is irrelevant to whether an employee was subject to Labor Code violations and thus had standing to sue under PAGA. For example, in *Johnson v. Maxim Healthcare Servs., Inc.*, 66 Cal. App. 5th 924 (2021), the plaintiff alleged a single cause of action under PAGA. The employer demurred to the complaint because the plaintiff had not suffered any Labor Code violation during the applicable limitations period. 66 Cal. App. 5th at 927. Regardless of whether the plaintiff had suffered a timely violation that could be redressed in the PAGA suit, the California Court of Appeal explained that the plaintiff still had standing under PAGA:

> Johnson alleged she is employed by Maxim and that she personally suffered at least one Labor Code violation on which the PAGA claim is based. The fact that Johnson's individual claim may be time-barred does not nullify the alleged Labor Code violations nor strip Johnson of her standing to pursue PAGA remedies.

*Johnson*, 66 Cal. App. 5th at 930.

Much like it would be irrelevant if Plaintiff did not have timely claims, it is also irrelevant where Plaintiff pursues individual PAGA claims. The dispositive fact is that Plaintiff was employed by the violator and was affected by one or more of the alleged violations. *E.g., Huff v. Securitas Sec. Servs. USA, Inc.*, 23 Cal. App. 5th 745, 757 (2018) ("For PAGA standing a plaintiff need only have been employed by the violator and affected by one or more of the alleged violations. That requirement strikes a reasonable balance, requiring a plaintiff to have some connection to the employer's unlawful practices, while also advancing the state's interest in vigorous enforcement.").

As a result, even if the Court were to compel arbitration of individual PAGA claims, the Court must deny the motion to dismiss any non-individual PAGA claims. Plaintiff was employed by Defendant and subjected to alleged Labor Code violations. Defendant fails to demonstrate dismissal would be proper for lack of statutory standing.

**CONCLUSION**

For the foregoing reasons, the Court should deny Defendant's motion as contrary to the terms of the arbitration agreements. Plaintiff respectfully requests that the Court enforce the terms of the arbitration agreement, which do not permit arbitration of any private attorney general claims and instead dictates that private attorney general claims must be litigated.

DATED: July 13, 2022								DIVERSITY LAW GROUP, P.C.

										By:   /s/ Simon L. Yang
											Larry W. Lee
											Simon L. Yang
										Attorneys for Plaintiff