MICHELE L. MARYOTT, SBN 191993
  MMaryott@gibsondunn.com
KATIE M. MAGALLANES, SBN 300277
  KMagallanes@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone:    949.451.3800
Facsimile:    949.451.4220

KATHERINE V.A. SMITH, SBN 247866
  ksmith@gibsondunn.com
LAUREN FISCHER, SBN 318625
  lfischer@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

JOSEPH R. ROSE, SBN 279092
  jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission St, Ste 3000
San Francisco, CA 94105-0921
Telephone:    415.393.8277
Facsimile:    415.393.8306

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA JOHNSON, an individual, for herself and on behalf of others similarly situated, and as a private attorney general,, <br><br> Plaintiff, <br><br> v. <br><br> LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company; and DOES 1 through 10, inclusive, <br><br> Defendant. | CASE NO. 2:21-cv-00087-TLN-JDP <br><br> **DEFENDANT LOWE'S HOME CENTERS, LLC'S REPLY IN SUPPORT OF MOTION FOR ORDER COMPELLING ARBITRATION AND DISMISSING ACTION** |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................... 1

II. ARGUMENT ............................................................................................................................ 2

    A. Plaintiff's Arbitration Agreements Require Arbitration of Her Individual PAGA Claim .................................................................................................................. 2

    B. Even Without the Representative Action Waivers, Plaintiff's Arbitration Agreements Still Require Arbitration of Plaintiff's Individual PAGA Claim .............. 5

    C. Plaintiff's Non-Individual PAGA Claim Must Be Dismissed ....................................... 6

III. CONCLUSION .......................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Epic Sys. Corp. v. Lewis*,
  138 S. Ct. 1612 (2018) .................................................................................................................2, 6

*Hart v. Massanari*,
  266 F.3d 1155 (9th Cir. 2001) ..........................................................................................................7

*Int'l Bhd. of Teamsters v. NASA Servs., Inc.*,
  957 F.3d 1038 (9th Cir. 2020) ..........................................................................................................3

*Jaffree v. Bd. of Sch. Comm'rs*,
  459 U.S. 1314 (1983) .......................................................................................................................7

*Lamps Plus, Inc. v. Varela*,
  139 S. Ct. 1407 (2019) .....................................................................................................................3

*Morgan v. Sundance, Inc.*,
  142 S.Ct. 1708 (2022) ...............................................................................................................3, 5, 6

*Viking River Cruises, Inc. v. Moriana*,
  142 S. Ct. 1906 (2022) ............................................................................................................ *passim*

**STATUTES**

Cal. Lab. Code § 2699(a) .....................................................................................................................7

## I. INTRODUCTION

The U.S. Supreme Court's decision in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022), requires Plaintiff Maria Johnson ("Plaintiff") to arbitrate her individual Private Attorneys General Act ("PAGA") claim against Lowe's. Nothing in Plaintiff's Opposition compels a different result. Indeed, Plaintiff admits that she executed two valid arbitration agreements with her employer, Lowe's Home Centers, LLC ("Lowe's"), under which she agreed that "any controversy . . . arising out of [her] employment" "*shall be settled by binding arbitration*" on an individual basis. *See* Dkt. 7-2 ("Spears Decl."), Ex. 3 at 5, Ex. 4 at 4 (emphasis added); Dkt. 27 ("Opp.") at 4. In a last-ditch effort to avoid arbitration, Plaintiff argues (incorrectly) that (1) the representative action waivers are invalid because they operate as a "wholesale waiver" of the right to pursue any claim under PAGA and (2) her PAGA claim must proceed in litigation pursuant to the agreements' "severability provisions." Opp. at 4, 7. Plaintiff is wrong on both counts.

*First*, the agreements are clear that all claims Plaintiff has against Lowe's must be pursued on an individual basis in arbitration. Nothing in the representative action waivers can be construed as Plaintiff waiving the right to pursue her *individual* claims in arbitration. In that regard, they mirror the agreement upheld by the U.S. Supreme Court in *Viking River*. *See Viking River*, 142 S. Ct. at 1925 ("[Defendant] was entitled to enforce the agreement insofar as it mandated arbitration of [plaintiff's] individual PAGA claim."). Specifically, each agreement provides that "all disputes . . . shall proceed in arbitration *solely on an **individual** basis*," and that "the arbitrator's authority to resolve any dispute and to make written awards will be limited to [her] ***individual*** claims," including any claims brought pursuant to PAGA. Spears Decl., Ex. 3 at 5–6, Ex. 4 at 4–5 (emphases added). Plaintiff's contrary interpretation is belied by this plain language. Thus, *Viking River* requires that Plaintiff's individual PAGA claim be compelled to arbitration and that her remaining representative PAGA claim be dismissed for lack of standing. *Viking River*, 142 S. Ct. at 1925.

*Second*, even if the representative action waivers could be construed in the manner described by Plaintiff (they cannot), Plaintiff still must individually arbitrate her PAGA claim pursuant to the terms of her agreements. The representative action waivers in those agreements explicitly state that they only operate "[t]o the extent permissible by law." Spears Decl., Ex. 3 at 5, Ex. 4 at 4. Thus, they

waive the right to pursue claims on behalf of other allegedly aggrieved employees only, and not the employee's right to pursue any individual claim for penalties under PAGA. Further, both arbitration agreements expressly authorize the Court to sever any "unenforceable" provision while still enforcing "the remainder of the agreement[.]" *Id.*, Ex. 3 at 6, Ex. 4 at 5. Thus, just as in *Viking River*, Plaintiff must arbitrate her individual PAGA claim. *See Viking River*, 142 S. Ct. at 1925 ("[T]he severability clause in the agreement provides that if the waiver provision is invalid in some respect, any 'portion' of the waiver that remains valid must still be 'enforced in arbitration.' Based on this clause, [defendant] was entitled to enforce the agreement insofar as it mandated arbitration of [plaintiff's] individual PAGA claim."); *see also Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1619 (2018) (courts must "enforce arbitration agreements according to their terms—including terms providing for individualized proceedings"). And, because Plaintiff cannot maintain her individual PAGA claim in this forum, her remaining representative PAGA claim must be dismissed. *Viking River*, 142 S. Ct. at 1925 ("When an employee's own dispute is pared away from a PAGA action, the employee is no different from a member of the general public, and PAGA does not allow such persons to maintain suit.").

## II.   ARGUMENT

### A.   Plaintiff's Arbitration Agreements Require Arbitration of Her Individual PAGA Claim

Plaintiff, in her own words, "does not dispute that she entered into arbitration agreements during her employment with Defendant, Lowe's Home Centers, LLC" and that "[t]he terms of those arbitration agreements must be enforced." Opp. at 4. Instead, Plaintiff asserts that the text of the representative action waivers in her arbitration agreements "impermissibly waive all PAGA claims," including those brought "on behalf of the State," and do "not even authorize an arbitrator to award any type of private attorney general relief," supposedly making them unenforceable under the U.S. Supreme Court's decision in *Viking River*. *See generally* Opp. at 5–7. This strained reading is wrong for three reasons.

***First***, contrary to Plaintiff's assertions, her arbitration agreements do not "wholesale waive[]" her right to pursue a PAGA claim in arbitration; they merely require her to arbitrate such claims individually, and not on behalf of other employees. Opp. at 8–9. As Plaintiff does not dispute that her arbitration agreements are valid and governed by the FAA, this Court must enforce them by their terms. *Morgan v. Sundance, Inc.*, 142 S.Ct. 1708, 1713 (2022). Further, "language in a contract must be

interpreted as a whole." *Int'l Bhd. of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038, 1044 (9th Cir. 2020). "Neither silence nor ambiguity provides a sufficient basis for concluding that parties to an arbitration agreement agreed to undermine the central benefits of arbitration itself." *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1417 (2019).

As Plaintiff herself acknowledges, "[s]o long as an arbitration agreement permits the arbitration of individual PAGA claims, it may require the waiver of non-individual PAGA claims (i.e., 'PAGA claims arising out of events involving other employees')." Opp. at 7. This is precisely the arrangement allowed by the U.S. Supreme Court in *Viking River*, 142 S. Ct. at 1924–25, and is precisely what the arbitration agreements provide here. In capitalized letters, each agreement states that "THERE WILL BE NO COURT OR JURY TRIAL OF DISPUTES BETWEEN YOU AND LOWE'S," and that "ALL DISPUTES BETWEEN YOU AND LOWE'S ARISING OUT OF YOUR EMPLOYMENT OR THE TERMINATION OF YOUR EMPLOYMENT SHALL PROCEED IN ARBITRATION SOLELY ON AN INDIVIDUAL BASIS[.]" Spears Decl., Ex. 3 at 5, Ex. 4 at 4. Each agreement's "REPRESENTATIVE ACTION WAIVER" further cautions that "there shall be no right or authority for any dispute to be arbitrated as a representative action or as a private attorney general action, including but not limited to claims brought pursuant to" PAGA. *Id.*, Ex. 3 at 5–6, Ex. 4 at 4–5. Read together, the plain meaning of these provisions is clear—Plaintiff must pursue her PAGA claim in arbitration on an individual basis, and not as a representative for other "aggrieved employees . . . on whose behalf [Plaintiff's] suit is brought[.]" *See* Dkt. 9 ("FAC") ¶ 26, Prayer for Relief.

**Second**, it makes no difference that Plaintiff brings her individual PAGA claim as a "'proxy of the State.'" Opp. at 8 (quoting *Viking River*, 142 S. Ct. at 1914). Indeed, the Supreme Court in *Viking River* explicitly rejected the idea that PAGA actions consist of one, indivisible representative claim, as Plaintiff appears to suggest here. As the Supreme Court explained, "PAGA plaintiffs are agents" who may recover "the State's claims for civil penalties on a representative basis." 142 S. Ct. at 1914 n.2, 1915. The term "representative," according to the Supreme Court, refers to two distinct aspects of a PAGA claim: (1) claims for penalties that "arose from the violation [the plaintiff] suffered" herself, and (2) claims for penalties for violations allegedly "sustained by other . . . employees[.]" *Id.* at 1916. Under *Viking River*, the FAA allows parties to contractually limit the scope of available relief to just

3

the first category, in arbitration, thereby prohibiting the second category, i.e. "'representative' (or perhaps quasi-representative) PAGA claims arising out of events involving other employees," from proceeding in any forum by virtue of PAGA's "statutory standing" rule. *Id*. at 1916, 1925. Since the plaintiff in *Viking River* agreed to only pursue claims on her own behalf in arbitration, the Court held that she must arbitrate her PAGA "individual claim" and dismissed the remaining PAGA "non-individual" claim for lack of standing. *Id.* at 1925 ("The lower courts refused to [compel arbitration] based on the rule that PAGA actions cannot be divided into individual and non-individual claims. Under our holding, that rule is preempted, so [defendant] is entitled to compel arbitration of [plaintiff's] individual claim."). There can be no question that the "representative action waiver" at issue here applies only as "permissible by law" such that it can only be construed as precluding arbitration of the second type of "representative" or non-individual PAGA claim. Spears Decl., Ex. 3 at 5–6, Ex. 4 at 4– 5. This is precisely what the Supreme Court held permissible in *Viking River*. *See Viking River*, 142 S. Ct. at 1925. The Court should reach the same conclusion here.

**Third**, Plaintiff is wrong that the arbitration agreements "unequivocally preclude[] *any* type of private attorney general relief, regardless of whether one considers an individual PAGA claim or a non-individual PAGA claim." Opp. at 9 (emphasis added). Both agreements state that Plaintiff "MAY NOT SEEK RELIEF ON BEHALF OF *ANY OTHER PARTIES* IN ARBITRATION, INCLUDING BUT NOT LIMITED TO *SIMILARLY AGGRIEVED EMPLOYEES*." Spears Decl., Ex. 3 at 5–6, Ex. 4 at 4–5 (emphases added). They further explain that "THE ARBITRATOR'S AUTHORITY TO RESOLVE ANY DISPUTE AND TO MAKE WRITTEN AWARDS WILL BE LIMITED TO YOUR INDIVIDUAL CLAIMS." Spears Decl., Ex. 3 at 5–6, Ex. 4 at 4–5. This language confirms that Plaintiff may pursue her individual PAGA claim in arbitration, and that the language contained within the representative action waiver limits only the right to arbitrate PAGA claims on behalf of others. *Id.*[1]

---

[1] Citing Lowe's Reply in support of its prior Motion to Stay Proceedings Pending Viking River, Plaintiff claims that Lowe's previously argued that her arbitration agreements preclude her from "bringing a PAGA claim in any forum, not just in arbitration." Opp. at 9 (citing Dkt. 24 at 9). This misstates Lowe's argument. In its motion to stay, Lowe's merely argued that the representative action waiver prohibits the Plaintiff from pursuing claims on behalf of others, meaning that she "must pursue any claims in arbitration, and such claims can only be pursued on an individual, and not class,

4

And since her individual PAGA claim must proceed in arbitration, any remaining PAGA claim on behalf of other employees must be dismissed for lack of "statutory standing to continue to maintain her non-individual claims in court." *Viking River*, 142 S. Ct. at 1925.

### B. Even Without the Representative Action Waivers, Plaintiff's Arbitration Agreements Still Require Arbitration of Plaintiff's Individual PAGA Claim

Plaintiff also incorrectly argues that the representative action waivers "operate as a wholesale waiver of private attorney general claims" such that "the severability provisions' clear terms mandate litigation of PAGA claims[.]" Opp. at 10. Lowe's does not concede that the representative action waivers are unenforceable as written, *see supra*, Part II.A, but even if this Court were to sever the representative action waivers in their entirety, Plaintiff would still be required to arbitrate her PAGA individual claim pursuant to the remaining provisions of the arbitration agreement.

As a threshold matter, each representative action waiver provision explicitly applies only "to the extent permissible by law," and thus cannot be interpreted in a manner that violates *Viking River*, i.e., as waiving Plaintiff's right to pursue a PAGA claim on her individual behalf. Spears Decl., Ex. 3 at 5–6, Ex. 4 at 4–5; *see Viking River*, 142 S. Ct. at 1924 ("[T]his provision was invalid if construed as a wholesale waiver of PAGA claims."); *see also Morgan*, 142 S. Ct. at 1713. The only reasonable interpretation of the representative action waivers, then, is that Plaintiff must pursue her PAGA individual claim in arbitration. Thus, the Court must compel arbitration of Plaintiff's individual PAGA claim and dismiss her non-individual claim for lack of standing under *Viking River*.[2] *See Viking River*,

---

collective, or representative, basis." Opp. at 9. This is entirely consistent with Lowe's position that Plaintiff must pursue her PAGA claim on an individual basis in arbitration.

[2] To the extent the Court determines that only a certain portion of the representative action waivers are unenforceable, it may sever those portions, just as the U.S. Supreme Court did in Viking River. Viking River, 142 S. Ct. at 1925. It makes no difference, as Plaintiff suggests, that the severability provision in Viking River used the term "portion" whereas her agreements do not. Opp. at 11. The severability provisions at issue here explicitly state that "any claims covered by any deemed unenforceable waiver provision may only be litigated, but the remainder of the agreement shall be binding and enforceable." Spears Decl., Ex. 3 at 5–6, Ex. 4 at 4–5 (emphases added). Read together with the fact that the representative action waivers only apply "[t]o the extent permissible by law," it is clear that the Court may sever any part of the waivers it deems unenforceable and compel arbitration under what remains.

142 S. Ct. at 1925; *see also Epic Sys.*, 138 S. Ct. at 1619 (courts must "enforce arbitration agreements according to their terms—including terms providing for individualized proceedings").

But even if the Court were to sever the representative action waivers in full, the remainder of the agreements would still require Plaintiff to arbitrate her individual PAGA claim and mandate dismissal of her non-individual PAGA claim. Each arbitration agreement explicitly provides that "all disputes . . . shall proceed in arbitration solely on ***an individual basis***," and that "the arbitrator's authority to resolve any dispute and to make written awards will be limited to [her] ***individual claims***." Spears Decl., Ex. 3 at 5–6, Ex. 4 at 4–5 (emphases added). The arbitration agreements further specify that they are "intended to be broad and to cover, ***to the extent otherwise permitted by law, all such disputes*** between [Plaintiff] and Lowe's including but not limited to those arising out of federal and state statutes," such as PAGA. *Id.*, Ex. 3 at 5, Ex. 4 at 4 (emphasis added). The meaning of these provisions is clear—Plaintiff must arbitrate any dispute she has against Lowe's, including any claims arising under a state statute like PAGA, on an individual basis to the extent permissible by law. Since the Court must interpret the agreements according to their terms, *see Morgan*, 142 S. Ct. at 1713, it must interpret these provisions as requiring Plaintiff to arbitrate her individual PAGA claim, which is permitted under *Viking River*, 142 S. Ct. at 1925 ("[Defendant] was entitled to enforce the agreement insofar as it mandated arbitration of [plaintiff's] individual PAGA claim").

C. **Plaintiff's Non-Individual PAGA Claim Must Be Dismissed**

*Viking River* confirms that once the Court compels Plaintiff's individual PAGA claim to arbitration, the Court must dismiss her non-individual PAGA claim for lack of standing. *See Viking River*, 142 S. Ct. at 1925. The fact that Plaintiff disagrees with the Supreme Court does not compel a different result. Opp. at 11. In *Viking River*, the U.S. Supreme Court explained that "PAGA provides no mechanism to enable a court to adjudicate non-individual PAGA claims once an individual claim has been committed to a separate proceeding" since "[u]nder PAGA's standing requirement, a plaintiff can maintain non-individual PAGA claims in an action only by virtue of also maintaining an individual claim in that action." *Viking River*, 142 S. Ct. at 1925. Thus, Plaintiff "lacks statutory standing to continue to maintain her non-individual claims in court," and so her claims must be dismissed. *Id*. This is a correct interpretation of the current language of PAGA as written. *See* Cal. Lab. Code

§§ 2699(a), (c) ("Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected . . . through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees" where an "'aggrieved employee' means any person who was employed by the alleged violator and against whom *one* or more of the alleged violations was committed.") (emphasis added).

The Court should do the same here. Just like the plaintiff in *Viking River*, once Plaintiff's individual claims are compelled to arbitration, she will "lack[] statutory standing to continue to maintain her non-individual claims in court, and the correct course is to dismiss her remaining claims." *Viking River*, 142 S. Ct. at 1925. The Court should therefore compel Plaintiff's individual PAGA claim to arbitration and dismiss the non-individual PAGA claim in accordance with unambiguous and controlling Supreme Court precedent.

Plaintiff's disagreement with *Viking River* does not change the fact that this Court is absolutely "bound by the decisions of th[e] [Supreme] Court" on issues of law, even if in the opinion of the lower court, the Supreme Court has erred. *See Jaffree v. Bd. of Sch. Comm'rs*, 459 U.S. 1314, 1315 (1983); *see also Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001) ("A decision of the Supreme Court will control that corner of the law unless and until the Supreme Court itself overrules or modifies it."). Each case cited by Plaintiff in support of her claim that *Viking River* was incorrectly decided is therefore irrelevant. Opp. at 11–12. Thus, the Court must dismiss Plaintiff's non-individual PAGA claim for lack of standing pursuant to the U.S. Supreme Court's decision in *Viking River*.

### III.   CONCLUSION

For these reasons, Lowe's respectfully requests that the Court compel arbitration of Plaintiff's individual PAGA claim and dismiss the remainder of the action for lack of standing.

| | |
|---|---|
| DATED: July 22, 2022 | GIBSON, DUNN & CRUTCHER LLP<br>MICHELE L. MARYOTT<br>KATHERINE V.A. SMITH<br>JOSEPH R. ROSE<br>KATIE M. MAGALLANES<br>LAUREN FISCHER<br><br>By: */s/ Katherine V.A. Smith*<br>    Katherine V.A. Smith<br><br>Attorneys for Defendant<br>LOWE'S HOME CENTERS, LLC |