UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA JOHNSON, an individual, for herself and on behalf of others similarly situated, and as a private attorney general,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company,<br><br>Defendant. | No. 2:21-cv-00087-TLN-JDP<br><br>**ORDER** |

This matter is before the Court on Defendant Lowe's Home Centers, LLC's ("Defendant") Motion to Dismiss (ECF No. 14) and Motion to Compel Arbitration (ECF No. 26). Plaintiff Maria Johnson ("Plaintiff") opposed both motions. (ECF Nos. 18, 27.) Defendant filed replies. (ECF Nos. 20, 29.) For the reasons set forth below, the Court GRANTS Defendant's motion to compel arbitration and DENIES Defendant's motion to dismiss as moot.

///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Defendant's former employee, filed the operative First Amended Complaint ("FAC") on February 2, 2021. (ECF No. 9.) Plaintiff alleges a claim under the Private Attorneys General Act of 2004 ("PAGA"), in which she seeks civil penalties based on alleged California Labor Code violations Defendant committed against Plaintiff and other aggrieved employees. (*Id.* at 2, 5.) Defendant filed a motion to dismiss for failure to state a claim on March 2, 2021. (ECF No. 14.) After the Supreme Court's recent decision in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022) ("*Viking River*"), Defendant filed a motion to compel arbitration of Plaintiff's individual PAGA claim and dismiss Plaintiff's non-individual PAGA claims.[1] (ECF No. 26.) Because the Court intends to grant Defendant's motion to compel arbitration in its entirety, the Court need not and does not address Defendant's original motion to dismiss.

## II. STANDARD OF LAW

The parties do not dispute that the Federal Arbitration Act ("FAA") governs Defendant's motion to compel arbitration. 9 U.S.C. §§ 1–16. In deciding whether to compel arbitration, a district court determines two gateway issues: (1) whether a valid agreement to arbitrate exists; and, if it does, (2) whether the agreement encompasses the dispute at issue. *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). "To evaluate the validity of an arbitration agreement, federal courts 'should apply ordinary state-law principles that govern the formation of contracts.'" *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003) (citation omitted). If the court is "satisfied that the making of the arbitration agreement or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. If a court "determines that an arbitration clause is enforceable, it has the discretion to either stay the case pending arbitration, or to dismiss the case if all of the alleged claims are subject to

---

[1] Defendant indicates it did not previously move to compel arbitration of the individual PAGA claim because case law prior to *Viking River* precluded such a motion. (ECF No. 26 at 9 (citing ECF No. 7 at 16 n.5.)) Plaintiff does not dispute the timeliness of Defendant's arguments. (*See* ECF No. 27.) The Court concludes Defendant's motion is timely because it raises arguments that were futile prior to *Viking River*.

1    arbitration." *Hoekman v. Tamko Bldg. Prod., Inc.*, No. 2:14-cv-01581-TLN-KJN, 2015 WL
2    9591471, at *2 (E.D. Cal. Aug. 26, 2015) (citation omitted).

3    **III.    ANALYSIS**

4    Defendant argues *Viking River* confirms that Plaintiff's individual PAGA claim must be
5    compelled to arbitration and her remaining non-individual PAGA claims must be dismissed for
6    lack of statutory standing.  (ECF No. 26 at 8.)  In opposition, Plaintiff "does not dispute that she
7    entered into arbitration agreements during her employment." (ECF No. 27 at 4.)  However,
8    Plaintiff argues: (1) the agreements include unenforceable "wholesale waivers" of PAGA claims;
9    (2) the agreements' severability provisions require litigation of PAGA claims; and (3) if the Court
10   compels arbitration of the individual PAGA claim, the remaining non-individual PAGA claims
11   should not be dismissed.  (*Id.*)  The Court will first address Plaintiff's individual PAGA claim and
12   then the remaining non-individual PAGA claims.

13             A.     Individual PAGA Claim

14   The issue in *Viking River* was whether the FAA "preempts a rule of California law that
15   invalidates contractual waivers of the right to assert representative claims under" PAGA.
16   142 S. Ct. at 1913.  The employee in *Viking River* executed an agreement to arbitrate any dispute
17   arising out of her employment.  *Id.* at 1916.  "The agreement contained a 'Class Action Waiver'
18   providing that in any arbitral proceeding, the parties could not bring any dispute as a class,
19   collective, or representative PAGA action," and "[i]t also contained a severability clause
20   specifying that if the waiver was found invalid, any class, collective, representative, or PAGA
21   action would presumptively be litigated in court." *Id.*  Pursuant to the severability clause, "if any
22   'portion' of the waiver remained valid, it would be 'enforced in arbitration.'" *Id.*

23   After leaving her position, the employee filed suit in California court.  *Id.*  The employee
24   alleged an individual PAGA claim based on Viking River's alleged failure to pay her final wages
25   within 72 hours, as well as PAGA claims based on Labor Code violations sustained by other
26   Viking River employees.  *Id.*  Viking River moved to compel arbitration of the individual PAGA
27   claim and to dismiss the other PAGA claims.  *Id.*  The trial court denied the motion based on the
28   rule from *Iskanian v. CLS Trans. L.A., LLC*, 59 Cal. 4th 348 (2014), that "categorical waivers of

1 PAGA standing are contrary to state policy and that PAGA claims cannot be split into arbitrable
2 individual claims and nonarbitrable 'representative' claims." *Viking River*, 142 S. Ct. at 1916.

3    The Supreme Court reversed, holding "the FAA preempts the rule of *Iskanian* insofar as it precludes division of PAGA actions into individual and non-individual claims through an agreement to arbitrate." *Id.* at 1924.  The Court stated that under the agreement at issue, Viking River and the employee "purported to waive 'representative' PAGA claims." *Id.*  The Court noted that "[u]nder *Iskanian*, this provision was invalid if construed as a wholesale waiver of PAGA claims" as "that aspect of *Iskanian* is not preempted by the FAA." *Id.* at 1924–25.  However, the Court explained that "the severability clause in the agreement provides that if the waiver provision is invalid in some respect, any 'portion' of the waiver that remains valid must still be 'enforced in arbitration.'" *Id.* at 1925.  The Court concluded that based on the severability clause, "Viking [River] was entitled to enforce the agreement insofar as it mandated arbitration of [the employee's] individual PAGA claim." *Id.*  The Court then dismissed the employee's non-individual PAGA claims for lack of statutory standing, stating, "When an employee's own dispute is pared away from a PAGA action, the employee is no different from a member of the general public, and PAGA does not allow such persons to maintain suit." *Id.*

   In the instant case, the "Representative Action Waiver" provision reads as follows:

> To the extent permissible by law, there shall be no right or authority for any dispute to be arbitrated as a representative action or as a private attorney general action, including but not limited to claims brought pursuant to the Private Attorney General Act of 2004, Cal. Lab. Code § 2698, et seq. ("Representative Action Waiver"). THIS MEANS THAT YOU MAY NOT SEEK RELIEF ON BEHALF OF ANY OTHER PARTIES IN ARBITRATION, INCLUDING BUT NOT LIMITED TO SIMILARLY AGGRIEVED EMPLOYEES. THE ARBITRATOR'S AUTHORITY TO RESOLVE ANY DISPUTE AND TO MAKE WRITTEN AWARDS WILL BE LIMITED TO YOUR INDIVIDUAL CLAIMS.

(ECF No. 7-2 at 16–17, 22–23.)

   Plaintiff argues the waiver constitutes an unenforceable "wholesale waiver" of PAGA claims.  (ECF No. 27 at 8.)  The Court in *Viking River* explained that PAGA actions are "representative" in two ways: (1) "PAGA actions are 'representative' in that they are brought by employees acting as representatives — that is, as agents or proxies — of the State"; and (2)

4

"PAGA claims are also called 'representative' when they are predicated on code violations sustained by other employees." 142 S. Ct. at 1916. The Court further explained, "when the word 'representative' is used in the second way, it makes sense to distinguish 'individual' PAGA claims, which are premised on Labor Code violations actually sustained by the plaintiff, from 'representative' (or perhaps quasi-representative) PAGA claims arising out of events involving other employees." *Id.* The Court stated, "*Iskanian*'s principal rule prohibits waivers of 'representative' PAGA claims in the first sense. That is, it prevents parties from waiving representative standing to bring PAGA claims in a judicial or arbitral forum." *Id.* The Court found that *Iskanian*'s principal rule "is not preempted by the FAA" and thus provisions that constitute "wholesale waivers of PAGA claims" under that rule are invalid. *Id.* at 1924–25.

The Court concludes the waiver at issue in the instant case does not run afoul of *Iskanian*'s principal rule because it is not a "wholesale waiver" that prevents Plaintiff from bringing a PAGA action on behalf of the State for violations she suffered as an individual. The "Representative Action Waiver" clarifies that it "means the employee may not seek relief on behalf of any other parties in arbitration, including but not limited to similar aggrieved employees." (ECF No. 7-2 at 16–17, 22–23.) It also explains "the arbitrator's authority to resolve any dispute will be limited to [the employee's] individual claims." (*Id.*) Accordingly, the waiver seeks to limit PAGA claims within the second meaning of "representative" — "when they are predicated on code violations sustained by other employees." *Viking River*, 142 S. Ct. at 1916; *see Shams v. Revature LLC*, No. 22-CV-01745-NC, 2022 WL 3453068, at *2 (N.D. Cal. Aug. 17, 2022) ("[T]he context of where 'private attorney general' appears makes clear that the waiver applies to non-individual representative actions, not [the employee's] individual PAGA claims on behalf of the State.").

Even if the Court construed the provision as a wholesale waiver of PAGA claims, the severability provision in the instant case mirrors the severability provision in *Viking River*. The severability provision in *Viking River* stated, "if the waiver was found invalid, such a dispute would presumptively be litigated in court" and "any 'portion' of the waiver that remained valid would be 'enforced in arbitration.'" 142 S. Ct. at 1911. The Court found that, based on this

language, Viking River was "entitled to enforce the agreement insofar as it mandated arbitration of [the employee's] individual PAGA claim." 142 S. Ct. at 1925. The severability clause in the instant case states in relevant part:

> [I]f a court of competent jurisdiction finds the . . . Representative Action Waiver unenforceable for any reason, then the unenforceable waiver provision shall be severable from this Agreement, and any claims covered by any deemed unenforceable waiver provision may only be litigated in a court of competent jurisdiction, but the remainder of the agreement shall be binding and enforceable.

(ECF No. 7-2 at 17, 23.)

Plaintiff argues the crucial difference is that the severability provision in *Viking River* stated "any 'portion' of the waiver that remained valid would be 'enforced in arbitration,'" while the provision in the instant case states "any claims covered by any deemed unenforceable waiver provision may only be litigated in a court of competent jurisdiction." (ECF No. 27 at 10–11.) The Court finds the severability provision in the instant case is similar enough to the provision in *Viking River* to warrant the same result. The severability provision ends by stating, "the remainder of the agreement shall be binding and enforceable." (ECF No. 7-2 at 17, 23.) The agreements provide that Plaintiff agreed that "any controversy between [Plaintiff] and [Defendant] . . . arising out of [Plaintiff's] employment . . . shall be settled by binding arbitration." (ECF No. 7-2 at 16–17, 22–23.) The agreements further provide Plaintiff may bring claims "solely on an individual basis" and "the arbitrator's authority to resolve any dispute and to make written awards will be limited to [the employee's] individual claims." (*Id.*) As such, the Court concludes that, like in *Viking River*, Defendant is entitled to enforce the agreements to the extent they mandate arbitration of Plaintiff's individual PAGA claim.

Absent any further argument to the contrary, the Court finds the arbitration agreements are valid and Plaintiff's dispute falls within the scope of those agreements. *Lifescan, Inc.*, 363 F.3d at 1012. Therefore, the Court GRANTS Defendant's motion to compel Plaintiff's individual PAGA claim to arbitration.

///

///

B. <u>Non-Individual PAGA Claims</u>

As to the remaining non-individual PAGA claims, the Supreme Court in *Viking River* dismissed such claims for lack of statutory standing. 142 S. Ct. at 1925. Defendant requests that this Court follow *Viking River* and do the same in this case. (ECF No. 29 at 10.) In opposition, Plaintiff argues the Supreme Court's dismissal of non-individual PAGA claims in *Viking River* was based on a mistaken view of California law. (ECF No. 27 at 11.)

Absent intervening California authority, the Court declines to question the Supreme Court's interpretation on this issue. *See Radcliff v. San Diego Gas & Elec. Co.*, No. 20-cv-1555-H-MSB, 2022 WL 4229305, at *4 (S.D. Cal. Sept. 12, 2022) ("The Court is disinclined to substitute its own interpretation of California state law in place of an interpretation set forth so recently by the Supreme Court."); *but see Shams*, 2022 WL 3453068, at *3 (finding that the Supreme Court misinterpreted California state law and declining to dismiss the plaintiff's non-individual PAGA claims). The Supreme Court clearly set forth that non-individual PAGA claims should be dismissed once the individual PAGA claim is compelled to arbitration. *Viking River*, 142 S. Ct. at 1925 ("Moriana lacks statutory standing to continue to maintain her non-individual claims in court, and the correct course is to dismiss her remaining claims."). Therefore, the Court GRANTS Defendant's motion to dismiss Plaintiff's non-individual PAGA claims.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's Motion to Compel Arbitration. (ECF No. 26.) Accordingly, the Court COMPELS Plaintiff's individual PAGA claim to arbitration and DISMISSES Plaintiff's non-individual PAGA claims. Defendant's Motion to Dismiss is DENIED as moot. (ECF No. 14.) As there are no remaining claims before the Court, the Clerk of Court is directed to close the case.

IT IS SO ORDERED.

**DATED: September 21, 2022**

Troy L. Nunley
United States District Judge